# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 2, 2015

## STATE OF TENNESSEE v. GEORGE PRINCE WATKINS

**Appeal from the Circuit Court for Madison County**
**Nos. 86-521, 90-227, 90-161, 90-935     Don H. Allen, Judge**

---

### No. W2014-02393-CCA-R3-CD  -  Filed October 15, 2015

---

The Appellant, George Prince Watkins, appeals as of right from the Madison County Circuit Court's summary denial of his Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence. The Appellant contends that the trial court erred by denying his motion without a hearing. The State concedes that the trial court erred. Following our review, we reverse the judgment of the trial court and remand the case for further proceedings consistent with Rule 36.1 and this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed; Case Remanded**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., joined. ROBERT L. HOLLOWAY, JR., J. filed a separate opinion concurring in part and dissenting in part.

George Prince Watkins, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; James G. Woodall, District Attorney General; and Alfred Lynn Earls, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

On July 23, 2014, the Appellant filed a Rule 36.1 motion to correct an illegal sentence. The motion alleges that the Appellant pled guilty to "first degree" burglary in 1986 and was given a five-year sentence to be served on probation. The motion further alleges that in 1989, the Appellant's probation was revoked for having violated the terms of his release. According to the Appellant, he committed four new offenses while he was on bond for the probation violation and subsequently pled guilty to all four offenses. The Appellant alleges that the sentences for all four offenses were ordered to be served

concurrently with his original 1986 sentence, in violation of Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C), which provide for mandatory consecutive sentences when a defendant commits an offense while released on bail.

The State filed a response to the Appellant's motion in the trial court arguing that "[a]ny attacks on the judgments could have been made pursuant to post[-]conviction within three year [sic] of the judgment or under habeas corpus" and that the Appellant "has had reasonable opportunity to raise the issue but the issue had [sic] been waived." The response concluded as follows:

> In this case no fundamental issue of fairness is implicated as the movant has slept on previous rights to bring the issue before the Court in a timely manner which have now expired. As a matter of sound interpretive principles the intent of the legislature could not have been to revive cases long since expired but the court should only interpret the rule to apply to cases presently active or sentences not yet expired.

On November 6, 2014, the trial court entered a written order denying the Appellant's motion, stating only that the motion was "denied for the reasons set forth in the State's response."

On appeal, the Appellant contends that the trial court erred in summarily denying his motion. The Appellant argues that his motion stated a colorable claim and that he should have been appointed counsel and given a hearing on the motion. The State now concedes that the trial court erred in summarily denying the motion.

> Rule 36.1 provides as follows:
>
> (a) Either the defendant or the state may, <u>at any time</u>, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.
>
> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. <u>If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant.</u> The adverse party shall have thirty days within which to file a written response to the motion, <u>after which the court shall hold a hearing on the motion</u>, unless all parties waive the hearing.

(Emphasis added).

A Rule 36.1 motion is a remedy separate and distinct from habeas corpus or post-conviction relief. <u>See</u> <u>State v. Jonathan T. Deal</u>, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014). "On its face, Rule 36.1 does not limit the time within which a person seeking relief must file a motion, nor does it require the person seeking relief to be restrained of liberty." <u>State v. Donald Terrell</u>, No. W2014-00340-CCA-R3-CO, 2014 WL 6883706, at *2 (Tenn. Crim. App. Dec. 8, 2014); <u>but cf.</u> <u>State v. Adrian R. Brown</u>, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011 (Tenn. Crim. App. Oct. 29, 2014) (affirming the trial court's summary denial on the basis of the mootness doctrine), <u>perm. app. granted</u> (Tenn. May 15, 2015). As such, a Rule 36.1 motion should only be summarily denied where the motion fails to state a colorable claim for relief. This court has defined a colorable claim as a claim "that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief." <u>State v. David Morrow</u>, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. Aug. 13, 2014) (quoting Tenn. Sup. Ct. R. 28, § 2(H)) (brackets and alterations in original).

The Appellant alleges that he committed four offenses while released on bail for his original 1986 conviction and that the sentences for those convictions were ordered to be served concurrently. Taking the Appellant's allegations as true, his concurrent sentences were in direct violation of Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C), which provide for mandatory consecutive sentences when a defendant commits an offense while released on bail. Accordingly, the Appellant stated a colorable claim for relief under Rule 36.1, and the trial court erred in summarily denying the motion. We remand this matter to the trial court for the appointment of counsel to represent the Appellant and a hearing on the motion pursuant to Rule 36.1

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is reversed. The case is remanded for proceedings consistent with Rule 36.1 and this opinion.

_____
D. KELLY THOMAS, JR., JUDGE
